IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CODY YENTZER, | : | |
|     Plaintiff | : | No: |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION - LAW** |
| POTTER COUNTY, WARDEN GLENN C. DRAKE II, DEPUTY WARDEN ANGELA MILFORD, CORRECTIONS OFFICER JOSH ROSENSWINE, CORRECTIONS OFFICER MARTIN, CORRECTIONS OFFICER FRY, | : : : : : : | |
| | : | **JURY TRIAL DEMANDED** |
|     Defendants | : | |

## COMPLAINT

1. Plaintiff Cody Yentzer is an adult individual currently residing in Coudersport, Potter County, Pennsylvania.

2. Defendant Potter County is a government entity which conducts business at an office located at One North Main Street, Coudersport, Potter County, Pennsylvania. Defendant Potter County, through the Sheriff's Department, operates the Potter County Jail located at 102 2nd Street, Coudersport, Pennsylvania 16915.

3. Defendant Glenn C. Drake II, is an adult individual who, at all relevant times herein, was Warden of Potter County Jail located at 102 2nd Street, Coudersport, Pennsylvania 16915. Defendant is being sued in both his official and individual capacity.

4. Defendant Angela Milford, is an adult individual who, at all relevant times herein, was Deputy Warden of Potter County Jail located at 102 2nd Street, Coudersport, Pennsylvania 16915. Defendant is being sued in both her official and individual capacity.

5. Defendant Corrections Officer Josh Rosenswine is an adult individual who, at all times relevant to this Complaint, has been employed as a Corrections Officer of the Potter County Jail. Defendant is being sued in both his official and individual capacity.

6. Defendant Corrections Officer Martin is an adult individual who, at all times relevant to this Complaint, has been employed as a Corrections Officer of the Potter County Jail. Defendant is being sued in both his official and individual capacity.

7. Defendant Corrections Officer Fry is an adult individual who, at all times relevant to this Complaint, has been employed as a Corrections Officer of the Potter County Jail. Defendant is being sued in both his official and individual capacity.

8. Federal District Court has jurisdiction over the claims asserted in this Complaint pursuant to the provisions of 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §1983.

9. Pursuant to the provisions of 28 U.S.C. §1391, venue lies in the Federal District Court for the Middle District of Pennsylvania.

## FACTUAL BACKGROUND

10. In June 2019, Plaintiff Cody Yentzer was incarcerated at the Potter County Jail.

11. In or about the week of June 23, 2019, Plaintiff Cody Yentzer was informed by Defendant Corrections Officer Rosenswine that inmate Zackary Snyder (Snyder) posed a threat to Plaintiff and that Defendant Rosenswine would not permit Plaintiff and Snyder to be in the visiting room at the same time.

12. It is Plaintiff's understanding and belief that jail officials and staff, including Defendants Warden Drake and Deputy Warden Milford, were aware of the

threat of violence made to Plaintiff by inmate Snyder and aware of compelling reasons as to why inmate Snyder wanted to harm Plaintiff.

13. On or about June 30, 2019, Plaintiff Cody Yentzer was placed in the visiting room at the same time as inmate Snyder. Despite the fact that Plaintiff inquired about being placed in the room with Snyder in light of the known threat, Defendant Corrections Officer Martin permitted Plaintiff and Snyder to be in the same room unsupervised.

14. Plaintiff Cody Yentzer and inmate Snyder were locked in the visiting room without a corrections officer present.

15. Inside the visiting room, inmate Snyder then directed one inmate to block the camera and another inmate to block the door, while inmate Snyder attacked Plaintiff, punching him in the face.

16. After the attack, Defendant Martin removed inmate Snyder from the visiting room.

17. As a result of inmate Snyder's attack, Plaintiff Cody Yentzer suffered injuries to his face, nose and lip.

18. Plaintiff Cody Yentzer then visited with his mother, who made the corrections officer in the control room (believed to be Defendant Fry) aware of Plaintiff's injuries, including a swollen lip and nose bleed, and she requested an ice pack.

19. After the visit, Plaintiff returned to the general area, or block. Another inmate, Skyler Shaffer (Shaffer), a known friend of inmate Snyder, verbally attacked and physically threatened Plaintiff. This was witnessed by Defendant Rosenswine.

20. Defendant Rosenswine sent inmate Shaffer to his cell but did not lock

the door.

21. Defendant Rosenswine then left the block. At that point no corrections officers were present on the block.

22. After Defendant Rosenswine left, inmate Shaffer exited his cell and resumed verbally threatening Plaintiff.

23. Inmate Shaffer then physically assaulted Plaintiff Cody Yentzer, causing severe injuries to Plaintiff's head and face and causing Plaintiff to lose consciousness for a period of time.

24. Upon information and belief, Defendant Fry was the officer working in the control room and was responsible for watching the cameras in the block where the assault took place.

25. No one from the jail or medical staff came to assist or check on Plaintiff or to intervene and stop the attack on Plaintiff by inmate Shaffer.

26. Once Plaintiff Cody Yentzer regained consciousness, he went to his cell.

27. Upon returning to the block, Defendant Rosenswine observed Plaintiff's serious injuries and asked him what happened.

28. Plaintiff Cody Yentzer was removed to another area of the prison but was not seen by any medical personnel.

29. Plaintiff Cody Yentzer was not provided with any pain medication.

30. An ambulance was not called to transport Plaintiff Cody Yentzer to the hospital.

31. Instead, Plaintiff Cody Yentzer was forced to wait in extreme pain, with severe and obvious injuries to his face and head, for a replacement officer to arrive

before Defendant Martin could transport him to the hospital.

32. As a result of the attack, Plaintiff suffered serious injuries, including but not limited to, a right orbital fracture, broken nasal cavity, several broken cheekbones, and a concussion. Plaintiff has undergone treatment including the placement of titanium plates in his right jaw and right eye, and he faces possible additional surgery. He has suffered permanent injuries and continues to suffer from headaches, nose bleeds, pain and numbness in his face, sensitivity to light, spasms and other issues with his right eye, physical deformity, short term memory loss, and post traumatic stress disorder as a result of the attacks.

33. As a result of the attacks, Plaintiff has incurred medical expenses and will incur future medical expenses.

34. As a result of the attacks and the injuries he suffered therefrom, Plaintiff has suffered a diminution of his vocational abilities and will forever be restricted regarding which vocations he may be employed.

35. As a result of the attacks, Plaintiff has suffered from pain, humiliation, embarrassment, and emotional distress.

36. Furthermore, upon Plaintiff's return to Potter County Jail, he was subject to continuous harassment by Defendant Corrections Officer Rosenswine, inmate Shaffer, and other inmates, regarding the assaults described above.

37. Upon Plaintiff's return to Potter County Jail, he was subject to continuous threats of physical violence by inmate Shaffer and other inmates.

38. Plaintiff reported those threats to the Warden, Deputy Warden, various Corrections Officers, as well as to Potter County District Attorney Watson, to which no

response was made.

39. At all times relevant to this Complaint, Defendants were acting under color of state law.

## COUNT I
### CODY YENTZER v. POTTER COUNTY, WARDEN GLENN DRAKE II, DEPUTY WARDEN ANGELA MILFORD, CORRECTIONS OFFICER ROSENSWINE, CORRECTIONS OFFICER MARTIN, and CORRECTIONS OFFICER FRY
### 42 U.S.C. §1983: Conditions of Confinement - Failure to Protect from Attack

40. Paragraphs 1 through 39 are incorporated herein by reference as though set forth in full.

41. At all times referenced in this Complaint, Defendants constituted state actors and acted in concert against Plaintiff Cody Yentzer in violation of his federal rights.

42. There was a substantial risk of harm to Plaintiff. Namely, a substantial risk that Plaintiff would be attacked by another inmate who made previous threats of physical violence to Plaintiff.

43. Defendants were deliberately indifferent to that risk, each Defendant actually knew of the risk that Plaintiff Cody Yentzer would be physically attacked by other inmates, and they disregarded that risk by failing to take reasonable measures to deal with it.

44. Defendants had a custom, practice or procedure that included under-staffing the Potter County Jail.

45. Defendants failed to train Jail staff, including Corrections Officers, regarding the appropriate response to threats of physical violence in the Jail.

46. As a direct and proximate result of Defendants' unlawful actions, Plaintiff

Cody Yentzer suffered damages including, but not limited to, physical injury and emotional distress.

WHEREFORE, Plaintiff Cody Yentzer respectfully requests this Honorable Court to enter judgment in his favor and against Defendants together with compensatory damages, punitive damages, as well as reasonable attorney fees and costs, and any such other relief as the Court deems just and appropriate.

## COUNT II
### CODY YENTZER v. POTTER COUNTY, WARDEN GLENN DRAKE III, DEPUTY WARDEN ANGELA MILFORD, CORRECTIONS OFFICER ROSENSWINE, CORRECTIONS OFFICER MARTIN, and CORRECTIONS OFFICER FRY
### 42 U.S.C. §1983: Conditions of Confinement - Denial of Adequate Medical Care

47. Paragraphs 1 through 46 are incorporated herein by reference as though set forth in full.

48. Plaintiff Cody Yentzer had a serious medical need, as he suffered serious and obvious physical injuries to his head and face as described above.

49. Defendants were deliberately indifferent to that serious medical need because in light of the obvious physical injuries, they knew of the risk to Plaintiff's health and failed to take reasonable measures to address it.

50. As a result of Defendants' actions in denying and delaying medical treatment, Plaintiff suffered unnecessary pain and greater physical injury.

51. Defendants had a custom, practice or procedure that included a lack of sufficient staff, both jail and medical, coverage in the event of a medical emergency.

52. Defendants had a custom, practice or procedure that did not include calling an ambulance in the event of a medical emergency, and/or that permitted Jail staff to make the decision not to call an ambulance in the event of a medical

emergency.

53.     Defendants lacked a (or had an inadequate) custom, practice or procedure regarding how to handle a medical emergency of an inmate.

54.     Defendants failed to train jail staff, including correctional officers, regarding proper procedures in the event of an inmate medical emergency.

WHEREFORE, Plaintiff Cody Yentzer respectfully requests this Honorable Court to enter judgment in his favor and against Defendants together with compensatory damages, punitive damages, as well as reasonable attorney fees and costs, and any such other relief as the Court deems just and appropriate.

**SCHEMERY ZICOLELLO**

By: s/Amy R. Boring
    Amy R. Boring
    I.D. #208461
    Attorney for Plaintiff

333 Market Street
Williamsport, PA 17701
Telephone: (570) 321-7554
Facsimile: (570) 321-7845
Email: amy@sz-law.com